PORTER and others *v.* BEARD.

*(Circuit Court, D. Massachusetts.   March 5, 1883.)*

DUTIES—ACTION TO RECOVER FOR ERRONEOUS ASSESSMENT.
 Where, under decision 3633 of the secretary of the treasury for 1878, a merchant leaves a sum of money with the collector of duties instead of the goods, and an examination is made by the appraisers before delivery, and the importer binds himself to abide the results of the appraisement "the same as if the goods had been retained," *held,* that neither party can take advantage of the delivery as changing the rights of the other.

*C. L. Woodbury* and *J. P. Tucker*, for plaintiffs.

*Chas. Almy, Jr.*, Asst. U. S. Atty., for defendant.

LOWELL, J. In this action against the collector to recover back duties, said to have been erroneously assessed, the parties have waived a trial by jury, and have agreed to most of the facts. The losing party is to have 20 days to file exceptions to my rulings of law.

The goods were 33 packages of dye-stuffs, imported from France, by way of Liverpool, entered and liquidated at a valuation, which the defendant afterwards raised by reliquidation. The regularity of the reappraisement and reliquidation is denied. The plaintiffs had received their goods, excepting eight cases, before the controversy arose; and, when they paid the additional duty on all but these eight cases, the collector had no means of compelling the payment, and they cannot now recover the money from him, since the payment was voluntary. *U. S.* v. *Schlesinger*, 14 FED. REP. 682.

The eight packages were delivered after a reappraisement had been begun, and upon what are known as special deposits, under decision 3633 of the secretary of the treasury for 1878, p. 578 of the printed synopsis for that year, by which a sum of money is left instead of the goods, and an examination is made by the merchant appraiser and general appraiser before delivery, and the importers bind themselves to abide the results of the appraisement "the same as if all the goods had been retained." Where goods are received in this way, I hold that neither party can take advantage of the delivery, as changing the rights of the other. On the one hand, the collector cannot say that the payment was voluntary, because he had the power to appropriate the plaintiffs' money instead of their goods; and, on the other hand, the plaintiffs are estopped to contend that the new liquidation was made after the goods were delivered.

These eight packages were imported at four different times, but one will serve to illustrate the question which has been argued. Two cases of "Nicholson Blue, A," were imported by the Istrian, and entered January 15, 1878, at the invoice valuation, and the entry was liquidated accordingly, February 8, 1878. In March, 1879, the appraisers recalled the invoice and made a new report, April 9, 1879, increasing the value on these two cases. The plaintiffs asked for the appointment of a merchant appraiser, as provided by Rev. St. § 2930, and one was duly appointed and sworn. These two cases were sent to the appraiser's store, June 5, 1879, and were duly examined, and there were several hearings by the board, at which both parties ex-

amined witnesses, and at which counsel were heard.  December 10, 1879, the board reported, sustaining the higher valuation of these Nicholson Blue, A, goods, and the defendant made a reliquidation of the entry, April 20, 1880.  In the mean time the goods were delivered June 6, 1879, in the special manner already mentioned.  The duties were assessed at this higher valuation, and were paid under protest, and due appeal was taken to the secretary of the treasury, who confirmed the doings of the collector.

The only point of protest and appeal now insisted on is that the reliquidation was made more than a year after the entry, the goods having been delivered and duties paid in the mean time, contrary to St. 1874, c. 391, § 21, (18 St. 190.)

To this contention there appear to be two answers: (1) In point of fact, the duties were not paid on these eight packages of goods until after the reliquidation.  (2) If I am mistaken and the goods had been delivered, it was under a stipulation which treated them as still in the possession of the defendant, and bound the plaintiffs to abide the results of the reappraisement.  The only result which it was important that they should abide, was the reliquidation which ensued, of course, when the value was increased by the board of appraisers.

My decision, therefore, is that the reliquidation of the eight packages was regular and binding, and that the plaintiffs cannot recover. When the bill of exceptions has been filed and allowed, there will be judgment for the defendant.